UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DWIGHT D. LANEY, SR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-3121 NCC |
| | ) | |
| ABM INDUSTRIAL, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff Dwight D. Laney, Sr. for leave to commence this action without payment of the required filing fee. ECF No. 2. Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay the filing fee and the motion will be granted. The filing fee will be waived. *See* 28 U.S.C. § 1915(a)(1). However, for the reasons discussed below, this case will be dismissed without prejudice for failure to state a claim upon which relief may be granted.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed without prepayment of the filing fee, or *in forma pauperis*, if it is frivolous, is malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

*Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under 28 U.S.C. § 1915, the Court accepts the well-pled facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). *See also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the *pro se* plaintiff that assumed facts that had not been pleaded).

### The Complaint

*Pro se* plaintiff brings this employment discrimination action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and under the Age Discrimination in Employment Act of 1967 ("ADEA"), as amended, 29 U.S.C. §§ 621, *et seq.*, against his former employer, ABM Industrial.[1] Plaintiff alleges that he was harassed and his employment

---

[1] Although plaintiff names "ABM Industrial" as the defendant in his complaint, plaintiff's 'Charge of Discrimination' filed with the Equal Employment Opportunity Commission ("EEOC") states the defendant corporation's name as "ABM Industries." *See* ECF Nos. 1 at 1, 1-1 at 1. Because the Court is ultimately

was terminated due to his age (67 years old), and in retaliation for complaining about the management team to a human resources representative for the defendant company.

The portion of plaintiff's form employment discrimination complaint where he is supposed to state the essential facts of his claim, is blank. *See* ECF No. 1 at 5-6. However, plaintiff attaches his Equal Employment Opportunity Commission ("EEOC") filings to the complaint. *See* ECF No. 1-1 at 1-6. Plaintiff filed a 'Charge of Discrimination' with the EEOC in September 2019, alleging discrimination based on age and retaliation. He stated the date of discrimination as July 3, 2019. *Id.* at 1. The EEOC issued plaintiff a right-to-sue letter on September 9, 2019. *Id.* at 3-4.

Plaintiff began his employment with defendant company in March 2019, when he was hired as a custodian. ECF No. 1-1 at 1, 5. Within two weeks of his hiring, plaintiff was promoted to a supervisory position, managing the cleaning team in a certain building. Upon starting in his new position, plaintiff realized that the employees in his new building were not performing their expected duties. *Id.* at 5. Plaintiff started to have problems with the employees he managed because they "refused to follow the directions" given to them by plaintiff. *Id.* A "Manager" spoke to the employees about the matter and "[t]hings went on fine for a while." *Id.* However, in June, someone from "Management" saw plaintiff taking a break and told him that he could not sit where he was sitting for his break. Plaintiff states that he was never given any guidance or rules at his hiring that explained where he could sit.

Plaintiff claims that there was one employee in particular – of the employees that he supervised – who was not getting his work done. However, according to plaintiff, instead of

---

dismissing the case, determining the proper name for the defendant is unnecessary.

"Management" helping plaintiff to deal with this problem employee, they "wrote [plaintiff] up" for taking a break in the wrong place. *Id.* Plaintiff claims that the other employees in his building "lied on [him]" and said that he was not getting his work done. *Id.* Following the write-up, plaintiff was moved to a different building where he supervised two employees.

Plaintiff explains that "Management" consisted of two related persons. Plaintiff was supervised by Manager Omar, who was the son of Operations Manager Jerri. *Id.* at 1, 5. Plaintiff alleges that this situation created a "conflict of interest" and made him feel "trapped." So, on July 2, 2019, plaintiff complained to a human resources representative, in what he thought was a confidential conversation. Plaintiff explained that "Jerri and Omar would side with [his] subordinates over [his] recommendations of a write-up" and how plaintiff felt he could not "report Omar's terrible management to Jerri because he is her son." *Id.* On the following day, plaintiff was terminated by Omar without explanation. *Id.* at 6. Plaintiff alleges that his termination was due to his age and in retaliation for engaging in protected activity. *Id.* at 1.

Plaintiff's form complaint is blank as to his requested relief. ECF No. 1 at 7.

## Discussion

Plaintiff's claims of employment discrimination are brought under Title VII and the ADEA. Plaintiff alleges harassment and termination, due to age discrimination and in retaliation for his complaints about management. However, the Court finds that plaintiff fails to state a prima facie case for age discrimination or retaliation. Because plaintiff's complaint fails to state a claim upon which relief may be granted under Title VII or the ADEA, it will be dismissed under 28 U.S.C. § 1915(e)(2)(B).

4

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against an individual with respect to his "compensation, terms, conditions, or privileges of employment" because of his race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). Plaintiff alleges no discrimination based on race, color, religion, sex, or national origin. Therefore, plaintiff's complaint fails to state a claim under Title VII.

The ADEA makes it "unlawful for an employer ... to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a). Persons aged forty and over are protected by the ADEA. 29 U.S.C. § 631(a). In order to establish a prima facie case under the ADEA, a plaintiff must show: (1) he is over forty; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) substantially younger, similarly situated employees were treated more favorably. *Anderson v. Durham D & M, L.L.C.*, 606 F.3d 513, 523 (8th Cir. 2010).

The first three requirements for an ADEA claim appear satisfied here. Plaintiff states his age as 67 and he suffered the adverse employment action of termination. In addition, the Court has no reason to believe that plaintiff was not qualified for his position as he worked in the position for several months and was even promoted. However, plaintiff provides no support for the fourth requirement. Plaintiff does not specify the age of the individual who replaced him. Plaintiff does not allege that he was treated differently than any similarly situated employee who was not over the age of forty. Nor does he allege any pattern of older employees being replaced by younger ones. There are no allegations that any member of the management at defendant company made any comments about or even considered plaintiff's age when terminating him.

There is simply no factual basis that creates an inference of age discrimination. Plaintiff provides no factual support for his legal conclusion that he was discriminated against based on, or terminated due to, his age. *See Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 176 (2009) (To assert an action under the ADEA, an employee must establish that his age was the "but-for" cause of the adverse employment action.). Plaintiff's complaint fails to state a claim for age discrimination under the ADEA.

Plaintiff also asserts a claim of retaliation. The ADEA prohibits retaliation against employees who oppose any practice made unlawful by the statue, or who file charges or assert their rights under the statute. *See* 29 U.S.C. § 623(d). In this case, plaintiff alleges that he was terminated in retaliation for complaining to defendant company's human resources representative. Plaintiff states that he complained about his manager Omar siding with plaintiff's supervisees instead of himself, and about how plaintiff was feeling trapped by the inability to complain about his manager Omar to the Operations Manager Jerri because she is Omar's mother. None of the complaints made by plaintiff to the human resources representative were complaints about practice made unlawful by the ADEA. Plaintiff was not complaining about any age discriminatory behavior. Similarly, plaintiff alleges he was harassed at work but the complaint contains no factual allegations supporting a claim of harassment based on his age. Plaintiff does not allege that he engaged in any conduct protected by the ADEA that resulted in his termination. As a result, plaintiff fails to state a claim for retaliation or harassment under the ADEA.

In conclusion, the Court will dismiss without prejudice plaintiff's employment discrimination complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Plaintiff fails to state a cognizable claim under Title VII or the ADEA.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED.** The filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint as to defendant ABM Industrial because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendant ABM Industrial are **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [ECF No. 3] is **DENIED as moot.**

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 26th day of February, 2020.

*/s/ Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE